WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph C. Primous, | No. CV-07-1680-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Phoenix Police Department, Hiring | |
| Defendant. | |

Plaintiff Joseph Primous has filed a pro se complaint against the City of Phoenix Police Department and a motion to proceed in forma pauperis. Dkt. ##1, 3. The Court will dismiss the complaint without prejudice and deny the motion as moot.

**I.     Dismissal of the Complaint.**

"[A] federal court may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) (citing *Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)); *see Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (same). "While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (citations omitted); *see* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

In this case, Plaintiff's complaint does not contain a statement of the Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a) ("A pleading . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends[.]"). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to federal statutes, this Court has subject matter jurisdiction over a case only if the complaint alleges a federal cause of action or the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. §§ 1331, 1332(a).

The complaint in this case alleges "bias acts of unfairness" in Defendant's hiring practices and requests "the full privileges of hiring practices . . . without bias and prejudice efforts from civil rights to employment." Dkt. #1 at 1-2. This is insufficient to invoke the Court's jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. The Court accordingly will dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Franklin*, 662 F.2d at 1343 (affirming *sua sponte* dismissal of claims that "[did] not allege the deprivation of any constitutional right or state a federal cause of action"); *see also Kokkonen*, 511 U.S. at 377 (stating that the court presumes lack of jurisdiction until the plaintiff proves otherwise).

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleading liberally and must afford plaintiff the benefit of any doubt" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (quotation marks and citations omitted).

Construing Plaintiff's complaint liberally, it appears that he may be able to allege a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Section 2000e-2 of Title VII provides that an employer may not "fail or refuse to hire . . . any individual . . . because of [his] race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). This provision makes discriminatory hiring a violation of federal law.

To establish federal subject matter jurisdiction over a Title VII claim, however, the

plaintiff must first exhaust his administrative remedies with the Equal Employment Opportunity Commission ("EEOC") or the appropriate State agency. 42 U.S.C. § 2000e-5(f); *see EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994) ("To establish federal subject matter jurisdiction, [Plaintiff] was required to exhaust her EEOC administrative remedies before seeking federal adjudication of her claims); *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) ("Title VII claimants generally establish federal court jurisdiction by first exhausting their EEOC administrative remedies. . . . The jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation."). It is unclear from Plaintiff's complaint whether he has exhausted his administrative remedies sufficient to invoke this Court's jurisdiction. Giving Plaintiff the benefit of the doubt, the Court will assume that Plaintiff, in good faith, can allege that he has exhausted his administrative remedies with respect to his claim of discrimination.

The Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint that properly invokes this Court's jurisdiction. Plaintiff shall have until **Friday, September 28, 2007** to file an amended complaint.

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. Plaintiff is further advised that if he fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**II. Plaintiff's Motion to Proceed In Forma Pauperis.**

Because the complaint will be dismissed for lack of jurisdiction, the Court will deny as moot Plaintiff's motion to proceed in forma pauperis. Plaintiff may file another motion to proceed in forma pauperis if he decides to file an amended complaint as permitted by this order. Plaintiff is advised that his supporting financial affidavit must be complete. The

current affidavit does not indicate the amount of Plaintiff's salary or wages and does not list completely the information called for by question 5 of the affidavit.

**IT IS ORDERED:**

1. Plaintiff's complaint (Dkt. #1) is **dismissed** without prejudice for lack of subject matter jurisdiction.
2. Plaintiff has until **September 28, 2007** to file an amended complaint.
3. Plaintiff's motion to proceed in forma pauperis (Dkt. #3) is **denied** as moot.

DATED this 10th day of September, 2007.

_____
David G. Campbell
United States District Judge