**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Joseph C. Primous, | ) | No. CV-07-1680-PHX-DGC |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| City of Phoenix Police Department, Hiring | ) ) | |
| Defendant. | ) ) ) | |

Plaintiff has filed a document in which he seeks "to move from a 'vague' complaint" under the general rules of pleading set forth in Rule 8 of the Federal Rules of Civil Procedure. Dkt. #6. The Court construes the document as a motion to amend complaint. The Court will deny the motion as moot.

Plaintiff filed a pro se complaint against the City of Phoenix Police Department on September 4, 2007. Dkt. #1. The Court dismissed the complaint without prejudice because it did not contain a statement of the Court's subject matter jurisdiction. Dkt. #4. Construing the complaint liberally, it appeared that Plaintiff may be able to allege a violation of Title VII of the Civil Rights Act of 1964 as the complaint alleged "bias acts of unfairness" in Defendant's hiring practices and requested "the full privileges of hiring practices . . . without bias and prejudice efforts from civil rights to employment." Dkt. #1 at 1-2. The Court accordingly granted Plaintiff leave to file an amended complaint by September 28, 2007. Dkt. #4.

Because the Court previously granted Plaintiff leave to amend, the Court will deny the present motion as moot. The Court will, however, give Plaintiff an additional week to file an amended complaint in this matter. Plaintiff may file an amended complaint by **October 5, 2007**.

As the Court explained in its prior order, Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Rule 8(e) provides that "[e]ach averment of a pleading shall be  simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). The forms contained in the Appendix to the Federal Rules of Civil Procedure – which include forms regarding jurisdictional statements and sample complaints on various causes of action – "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." Fed. R. Civ. P. 84.

Plaintiff is advised that the vague references to "selective acceptance of hiring" and "practice of [discriminatory] acts" in the present motion are insufficient to satisfy even the liberal notice pleading requirements of Rule 8. The amended complaint must give Defendant "fair notice of what [Plaintiff's] claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). This includes some factual basis for the claim and the legal theory supporting the claim. *See id.* The amended complaint must also provide a clear statement of this Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

Plaintiff is further advised that if he fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992).

/ / /

**IT IS ORDERED:**

1. Plaintiff's motion to amend complaint (Dkt. #6) is **denied** as moot.
2. Plaintiff has until **October 5, 2007** to file an amended complaint.
3. The Clerk of Court shall terminate this action without further notice if Plaintiff fails to comply with this deadline.

DATED this 25th day of September, 2007.

_David G. Campbell_
David G. Campbell
United States District Judge

- 3 -